May Term,
1850.

HASTINGS, Assignee in Bankruptcy of PHILLIPS, v. FOWLER.

HASTINGS
v.
FOWLER.

In an action of covenant by the assignor of *P.*, a bankrupt, founded on an article of agreement between the latter and the defendant, the defendant pleaded that *P.*, of his own motion, filed, in the District Court of the *United States*, his petition, applied for a discharge under the bankrupt law and was declared a bankrupt, and the plaintiff was appointed assignee solely at *P.'s* own instance.  *Held*, that the plea was bad on demurrer.

The declaration was as follows : *H.*, assignee of the estate and effects of *P.*, a bankrupt, complains, &c.  *Held*, that there was no occasion of refering to the bankrupt act, as it was a public law.

The state Courts have jurisdiction in suits by the assignees of bankrupts, under the bankrupt act of the *United States*.

*Tuesday,*
*October 22.*

ERROR to the *St. Joseph* Circuit Court.

BLACKFORD, J.—This was an action of covenant, brought by *Hastings*, as assignee of one *Phillips*, a bankrupt, against *Fowler*.  The suit was founded on an article of agreement executed by *Fowler* to *Phillips*.

There were several special pleas, but none of them need be noticed except the seventh.  That plea is, substantially, as follows : That, on, &c., the said *Phillips*, of his own motion, filed in the District Court of the *United States*, &c., his petition, setting forth a list of his creditors, with an inventory of his property, and thereby declared himself unable to meet his said debts, and applied for a discharge therefrom under the bankrupt law of the *United States ;* that he, said *Phillips*, was thereupon declared a bankrupt, and said plaintiff appointed his assignee, solely at his, said *Phillips's*, own instance.

This plea was demurred to, and the demurrer overruled.

Final judgment was rendered for the defendant.

The only ground relied on to sustain the plea is, that that part of the bankrupt act, under which *Phillips* was discharged, was unconstitutional.  We have no doubt, however, but that the demurrer to the plea should have been sustained.

The declaration is objected to on account of the manner in which the plaintiff alleges himself to be assignee of the bankrupt.  The allegation is as follows: "*Eurotas*

*P. Hastings*, assignee of the estate and effects of *Asa Phillips*, a bankrupt, complains," &c.  This is according to the form given by Mr. *Chitty*, except that, after the words "a bankrupt," he adds these words, viz: "according to the statute in force concerning bankrupts." 2 Chitt. Plead. 33.  But as the late bankrupt act of the *United States* was a public law, there was no occasion of referring to it in the declaration.  The legal title to the bankrupt's choses in action was vested, by the law, in his assignee.

May Term, 1850.

The suit is objected to on the ground that the state Courts have no jurisdiction in these cases.  This subject has been very fully and ably discussed by the Supreme Court of *Massachusetts* in a late case, in which it is clearly shown that, in suits by the assigees of bankrupts under said bankrupt act, the state Courts have jurisdiction. *Ward* v. *Jenkins*, 10 Metcalfe, 583.

The defendant contends that a demurrer to his fourth plea was improperly sustained.  But as that decision was in the plaintiff's favor, it is not properly before us.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.  Costs here.

*J. L. Jernegan*, for the plaintiff.

*J. B. Niles*, for the defendant.